IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| EARNEST J. FILES, JR., # 107834, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:18cv123-WHA |
| | ) | (WO) |
| LEON BOLLING, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Alabama inmate Earnest J. Files, Jr. ("Files"), acting *pro se*, is before this court on his amended petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. No. 6. As explained in an order of this court entered on April 18, 2018 (Doc. No. 8), Files's amended § 2254 petition challenges his December 6, 2017 capital-murder convictions entered in the Circuit Court of Talladega County. That court sentenced Files to life imprisonment without the possibility of parole. As he was when he initiated this habeas action on January 11, 2018, Files is incarcerated at the Donaldson Correctional Facility in Bessemer.

### DISCUSSION

Title 28 U.S.C. § 2241(d) states:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion

and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).[1] Thus, under § 2241(d), petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 may be filed either in the federal district court for the district in which the state court that entered judgment and sentence is located or the federal district court in the district of the petitioner's incarceration in that state.

Files was convicted and sentenced in Talladega County, Alabama. He is in state custody at the Donaldson Correctional Facility in Bessemer, which is in Jefferson County, Alabama. Talladega County and Jefferson County both are within the federal judicial district of the United States District Court for the Northern District of Alabama. Consequently, this court does not have jurisdiction under § 2241(d) to entertain Files's amended § 2254 petition.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because Files is proceeding *pro se* and seeks habeas corpus relief, the court believes it would be in the interest of justice to

---

[1] "The general grant of habeas corpus jurisdiction has long provided that the Supreme Court, any of its justices, any circuit judge, or any district court could grant the writ 'within their respective jurisdictions.' 28 U.S.C. § 2241(a) (1970), formerly 28 U.S.C. § 452 (1940). *See* Act of Feb. 13, 1925, ch. 229, § 6, 43 Stat. 940; Rev. Stat. § 752; Act of Feb. 5, 1867, ch. 28, 14 Stat. 385. In 1948 that provision was interpreted to mean that a district court lacked subject matter jurisdiction to grant the writ on behalf of a prisoner who was not confined within its territorial boundaries. *Ahrens v. Clark*, 335 U.S. 188, 68 S. Ct. 1443, 92 L.Ed. 1898 (1948). . . . Congress in 1966 enacted § 2241(d), which specified that a habeas corpus petition could also be filed in the federal district in which the court which had entered judgment and sentence was located. *See* S. Rep. No. 1502, 89th Cong., 2d Sess. (1966); H. R. Rep. No. 1894, 89th Cong., 2d Sess. (1966)." *U.S. ex rel. Sero v. Preiser*, 506 F.2d 1115, 1127–28 (2d Cir. 1974).

transfer this case to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1631.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before May 17, 2018.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of May, 2018.

                              /s/ Wallace Capel, Jr.
                        CHIEF UNITED STATES MAGISTRATE JUDGE